IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAVON GRAYSON-MORROW,

                       Plaintiff,

v.                                                 OPINION and ORDER

SHAWN BLASCHKA,[1]                                      23-cv-492-jdp

                       Defendant.

---

Plaintiff Javon Grayson-Morrow, proceeding without counsel, was an inmate at the Marathon County jail at the time of the events giving rise to this case. He alleges that defendant correctional officer Shawn Blaschka ignored his requests for treatment during a medical emergency, causing Grayson-Morrow to faint and injure his head. I allowed Grayson-Morrow to proceed on a Fourteenth Amendment medical care claim against Blaschka. Dkt. 12.

Blaschka moves for summary judgment, contending that Grayson-Morrow failed to exhaust his administrative remedies because he didn't appeal his grievances about the incident. Dkt. 24. Grayson-Morrow did not respond to Blaschka's motion. Blaschka has submitted evidence establishing that Grayson-Morrow did not exhaust his administrative remedies, so I will grant the motion and dismiss this case without prejudice.

BACKGROUND

On June 21, 2023, Grayson-Morrow, who was incarcerated at the Marathon County jail, felt lightheaded and experienced difficulty breathing. During an approximately ten-minute

---

[1] The court has updated the caption to correct the spelling of defendant's name. It was spelled "Blashka" in the complaint.

period, he twice alerted defendant correctional officer Shawn Blaschka to his condition via the jail's intercom system. A few minutes after his second intercom call to Blaschka, Grayson-Morrow fainted and hit his head on the floor. Blaschka called for help and Grayson-Morrow was taken to the nurse's office for medical treatment.

The day after the incident, Grayson-Morrow submitted a grievance in the jail's kiosk grievance system, alleging that Blaschka had ignored his requests for medical care. Dkt. 27-4. Lieutenant Andrew Tackes reviewed and dismissed the grievance. On June 23 and June 28, Grayson Morrow submitted two more grievances responding to Tackes, which jail officials also reviewed and dismissed. Grayson-Morrow did not appeal any of these grievances.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates such as Grayson-Morrow to exhaust administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To exhaust administrative remedies, Grayson-Morrow must take each step within the jail's administrative grievance process, including filing an initial grievance and all necessary appeals. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Blaschka bears the burden of establishing that Grayson-Morrow failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). If Blaschka establishes that Grayson-Morrow failed to exhaust administrative remedies, then the court must dismiss his case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Marathon County jail rules require inmates to submit grievances using a kiosk system within 48 hours of an incident. Dkt. 27, ¶¶ 9-11. Grievances are reviewed by a shift lieutenant

and the inmate receives a written response. *Id.* If an inmate is unsatisfied with the response, the inmate must appeal to the deputy jail administrator and then to the jail administrator. *Id.*

Blaschka submitted evidence that Grayson-Morrow filed three grievances about the incident at issue in this case. Dkt. 27, ¶¶ 12–13 and Dkt. 27-4. Blaschka's evidence matches Grayson-Morrow's own account: he states in his complaint that he filed three grievances about the incident. Dkt. 1, at 3. Grayson-Morrow did not appeal any of these grievances to the deputy jail administrator or the jail administrator as required by the jail rules. Dkt. 27, ¶ 14. Because Grayson-Morrow did not complete each step of the jail grievance process, I conclude that he failed to exhaust his administrative remedies. I will dismiss Grayson-Morrow's Fourteenth Amendment claim against Blaschka. That dismissal is without prejudice, *see Ford*, 362 F.3d at 401, but Grayson-Morrow would likely find it impossible to complete the grievance process now because the relevant events happened more than a year ago.

## ORDER

IT IS ORDERED that:

1. Defendant Shawn Blaschka's motion for summary judgment on exhaustion grounds, Dkt. 24, is GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered July 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge